

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7633 | DATE | 5/30/2003 |
| CASE TITLE | Barnes vs. Walls | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying the petitioner's petition for a writ of habeas corpus. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 02 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/30/2003 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**GERALD BARNES,**

       Petitioner,

v.

**J.R. WALLS, Warden, Jacksonville Correctional Center,***

       Respondent.

No. 02 C 7633

JUN 0 2 2003

## MEMORANDUM OPINION AND ORDER

Following a 1995 jury trial in Illinois, petitioner Gerald Barnes was convicted of armed robbery and sentenced to twenty years imprisonment. Mr. Barnes appealed to the Illinois Appellate Court, which affirmed his conviction and sentence in 1997. Mr. Barnes did not seek leave to appeal to the Illinois Supreme Court. Instead, he sought post-conviction relief in the Illinois Circuit Court. Mr. Barnes' claim for post-conviction relief was dismissed in 2001, and that dismissal was affirmed by the appellate court in 2002. Mr. Barnes sought leave to appeal the decision on his claim for post-conviction relief to the Illinois Supreme Court. His petition for leave to appeal was denied. Mr. Barnes then filed this

---

   * Mr. Barnes' petition named Raymond Bensko, Jr. as respondent. Mr. Bensko is the former warden of Jacksonville, while Mr. Walls is the current warden, and thus the proper respondent. The caption is amended accordingly. *See Szabo v. Walls*, 313 F.3d 392, 392 n.* (7th Cir. 2002).



petition in federal court under 28 U.S.C. § 2254 for a writ of habeas corpus. I deny the petition.

Mr. Barnes asserts six grounds in support of his petition. First, he raises a *Batson* challenge to the state's exclusion of jurors at trial. Second, he claims that he was denied effective assistance of counsel at trial because his attorney failed to effectively cross-examine the prosecution's main witness, failed to have a sleeping juror removed, and failed to call a witness. Third, he claims that the prosecution withheld favorable and exculpatory evidence. Fourth, he claims that the prosecution made improper remarks at closing. Fifth, he claims he was denied effective assistance of counsel at the post-trial stage because counsel was operating under a conflict of interest and failed to appoint new counsel to argue Mr. Barnes' pro se motion for a new trial. Sixth, Mr. Barnes claims that he was denied effective assistance of counsel on appeal because appellate counsel failed to properly argue the issues raised in Mr. Barnes' first five grounds.

I.  Procedural Default

Before I may entertain a petition for a writ of habeas corpus, a state prisoner must exhaust his state remedies, presenting his claims "fully and fairly to the state courts." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999) (citing 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)). This rule is based on the principle of comity between federal and

state courts, and is intended to avoid the "unseemliness" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the alleged constitutional violation. *Boerckel*, 526 U.S. at 844-45. In *Boerckel*, the Supreme Court held that because a habeas petitioner had failed to raise certain arguments in his petition for discretionary review of his conviction to the Illinois Supreme Court, he had procedurally defaulted on those arguments. The Court held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845. Here, Mr. Barnes failed to petition the Illinois Supreme Court for review of his conviction on direct appeal. Thus, argues the state,[1] his claims for relief are procedurally defaulted under *Boerckel*.

While it is true that Mr. Barnes did not petition the Illinois Supreme Court for review of his conviction on direct appeal, he did appeal his post-conviction proceedings all the way to the state supreme court, which declined to review his case. *Boerckel* does not bar federal habeas review of claims raised by state prisoners in post-conviction appeals to the Illinois Supreme Court, even if

---

[1] While technically respondent is the warden at Jacksonville, J.R. Walls, he is being represented here by the Illinois Attorney General's office, hence my reference throughout to the respondent as "the state."

the prisoner did not petition the state supreme court on direct appeal. *See White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (claims raised by prisoner Jerome White in petition for leave to appeal his post-conviction proceedings to Illinois Supreme Court not barred by *Boerckel*) and *White v. Godinez*, 143 F.3d 1049, 1051-52 (7th Cir. 1998) (Mr. White did not seek leave to appeal to Illinois Supreme Court on direct appeal). Thus, while Mr. Barnes did not fully and fairly present his claims on direct appeal (because he failed to file a petition for leave to appeal to the state supreme court), any of his claims that were fully and fairly presented to the Illinois judiciary on post-conviction review are not procedurally defaulted.

The state concedes that the claims Mr. Barnes raises here were presented in his petition for leave to appeal to the Illinois Supreme Court during the post-conviction proceedings. The state argues, however, that he failed to raise these claims in the appellate court during the post-conviction proceedings, and thus the claims are procedurally defaulted. The only issue raised on appeal in the post-conviction proceedings was whether Mr. Barnes' counsel on direct appeal was ineffective for failing to raise the *Batson* issue. In addressing this issue, the Illinois appellate court also addressed the merits of Mr. Barnes' *Batson* claim. Because the issue of Mr. Barnes' *Batson* claim and the issue of whether his counsel on direct appeal was ineffective in not raising

4

it were properly presented to both the Illinois Appellate Court and the Illinois Supreme Court (on a petition for discretionary appeal), these claims are not procedurally defaulted and I may properly address their merits here.[2] All of Mr. Barnes' other claims are procedurally defaulted because they were not presented to the Illinois Appellate Court during the post-conviction proceedings (nor, as noted above, were they presented to the Illinois Supreme Court on direct appeal). Thus, none of these other claims were presented for "one complete round" of review by the Illinois judiciary.

Procedural default is excused in two cases: if the petitioner can show cause and prejudice for his failure to exhaust his claims, or if a failure to review them because of default would result in a fundamental miscarriage of justice. *Howard*, 185 F.3d at 726. Mr. Barnes fails to address the issue of excuse, and I see no reason to excuse the default here. First, refusing to hear certain

---

[2] The state argues that only the claim of ineffective assistance for failing to raise the *Batson* issue is reviewable here, not the *Batson* issue itself, because only the ineffective assistance claim was presented to the appellate court. While it is true that these two claims present different legal theories, *see Howard*, 185 F.3d at 726 (claim of ineffective assistance of post-conviction counsel for failing to raise issue of trial counsel ineffectiveness presents a different legal theory than the claim of trial counsel ineffectiveness itself), it is clear that the appellate court fully considered and passed on the substance of the *Batson* claim itself. (Resp't's Answer Ex. F at 11-15) [hereinafter *Barnes IV*] ("[T]o determine whether Barnes' counsel was ineffective, we look at the merits of Barnes' Batson claim."). Consequently, both claims were fully and fairly presented to the Illinois appellate court in the post-conviction proceedings.

of Mr. Barnes' claims because he failed to raise them at various stages in the state judiciary would not result in a fundamental miscarriage of justice. This does not appear to be a case, for example, in which Mr. Barnes was wrongfully convicted. *See Howard*, 185 F.3d at 726 (noting that refusal to excuse procedural default would not work a fundamental injustice because "we have no reason to believe that [petitioner] is an innocent man who has wrongly been convicted"). Second, Mr. Barnes points to no cause, nor can I see any, for his procedural default. His defaulted claims are defaulted because he neither presented them to the Illinois Supreme Court on direct appeal nor presented them to the Illinois Appellate Court during post-conviction proceedings. The only cause for these failures that one could argue is ineffective assistance of counsel. Before a federal habeas petitioner can use ineffective assistance as grounds to establish cause, however, he must first have a right to counsel. *Morrison v. Duckworth*, 898 F.2d 1298, 1300-01 (7th Cir. 1990). Here, Mr. Barnes did not have a constitutional right to counsel while either pursuing a direct appeal before the Illinois Supreme Court or during post-conviction proceedings, and thus he may not claim ineffective assistance in failing to raise arguments at either of those stages as a cause for procedural default of those arguments. *See Johnson v. Illinois*, 779 F. Supp. 81, 85 (N.D. Ill. 1991) (Rovner, J.) ("[B]ecause [petitioner] had no right to counsel in pursuing a discretionary appeal before the

Illinois Supreme Court, any attorney misconduct that may have resulted in his failure to take a discretionary appeal cannot constitute 'cause' so as to excuse the procedural default in his federal habeas petition."); *Morrison*, 898 F.2d at 1301 ("[Petitioner] had no constitutional right to counsel when mounting his collateral attack on his conviction. Thus, he cannot rely on ineffective assistance of counsel during his state habeas proceedings as grounds to establish cause.") (internal citation omitted). Because all but two of Mr. Barnes' claims were procedurally defaulted, and there is no reason to excuse that default, I will not review the defaulted claims.

## II. The Undefaulted Claims

Mr. Barnes' *Batson* claim and his claim of ineffective assistance of counsel on direct appeal for failing to raise the *Batson* issue are before me. Section 2254 prevents me from granting a writ of habeas corpus based on any claim adjudicated on the merits in state court proceedings

> unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). As there are no factual disputes here, the only applicable part of this exception is part one. With respect to Mr. Barnes' *Batson* claim, the "clearly established Federal law,

7

as determined by the Supreme Court" relevant here is obviously *Batson v. Kentucky*, 476 U.S. 79 (1986). In *Batson*, the Supreme Court set out a three-part inquiry to be used in determining whether a prosecutor engaged in purposeful racial discrimination in exercising peremptory challenges during jury selection. First, the defendant must make a prima facie showing of purposeful discrimination in jury selection. Next, the burden shifts to the prosecution to present a neutral explanation for challenging minority jurors. After a prima facie case is made and a neutral explanation presented, the trial court then determines whether defendant has established purposeful discrimination. *Id.* at 96-98.

Here, on post-conviction review, the Illinois Appellate Court affirmed the lower court's post-conviction finding that Mr. Barnes had failed to establish even a prima facie case of a *Batson* violation. *Barnes IV* at 14-15. In determining whether a prima facie case has been established, the court should consider "all relevant circumstances." *Batson*, 476 U.S. at 96. The only argument made by Mr. Barnes before the state courts in his post-conviction proceedings was that the prosecution in his case exercised peremptory challenges to exclude two African-American jurors but did not exercise challenges against similarly situated non-African-American jurors. *Barnes IV* at 12. The appellate court found that Mr. Barnes' evidence was insufficient to establish a prima facie case of a *Batson* violation. The court found that the

8

non-African-American jurors who were allegedly similarly situated and who were not excluded were in fact not substantially similar to the excluded African-American jurors. *Id.* at 12-14. Further, the court noted that there were two other African-American jurors against whom the prosecution did not exercise peremptory challenges and who became part of the final jury. *Id.* at 14. Considering all these circumstances, the appellate court found that Mr. Barnes had not established a prima facie case of a *Batson* violation. I find that the decision of the appellate court was neither contrary to nor an unreasonable application of *Batson*. Consequently, I may not grant habeas relief based on Mr. Barnes' claim of a *Baston* violation. *See Anderson v. Cowan*, 227 F.3d 893, 901-02 (7th Cir. 2000) (state court's finding that defendant had not established prima facie case of *Batson* violation was not an unreasonable application of federal law sufficient to grant relief under § 2254); *McCain v. Gramley*, 96 F.3d 288, 291-92 (7th Cir. 1996) (same).[3]

Likewise, I may not grant habeas relief based on Mr. Barnes' claim that he received ineffective assistance of counsel on appeal

---

[3] In *Anderson*, the state trial and appellate courts had found that the prosecutor's use of two peremptory challenges to exclude African-American jurors was alone insufficient to establish a prima facie *Batson* violation. In *McCain*, the state appellate court determined that defendant had failed to establish a prima facie *Baston* violation where the prosecutor had used only two of five peremptory challenges to exclude African-American jurors, and the final jury consisted of ten Caucasian and two African-American jurors.

when counsel failed to raise the *Batson* issue. The Illinois Appellate Court found on post-conviction review that Mr. Barnes did not receive ineffective assistance of appellate counsel because his *Batson* claim lacked merit. In so finding, the court correctly looked to *Strickland v. Washington*, 466 U.S. 668 (1984), which is the "clearly established Federal law, as determined by the Supreme Court." *Strickland* set out a two-part inquiry for determining whether a defendant received effective assistance of counsel: was counsel's performance deficient, and if so, was it prejudicial to the defendant? 466 U.S. at 687. Even assuming that Mr. Barnes' counsel's performance was deficient for failing to raise the *Batson* issue on direct appeal, this failure was not prejudicial. Because the state appellate court on post-conviction review found that Mr. Barnes' *Batson* claim lacked merit, there is no reasonable probability that but for appellate counsel's failure to raise the issue, the direct appeal would have had a different result. *See id.* at 694. Consequently, the state appellate court's finding on post-conviction review that Mr. Barnes' counsel's failure to raise the *Batson* issue on direct appeal was not ineffective assistance because the *Batson* issue had no merit was not an unreasonable application of federal law entitling Mr. Barnes to habeas relief here. *See Ouska v. Cahill-Masching*, 246 F.3d 1036, 1053-54 (7th Cir. 2001) (state appellate court's decision that it was not ineffective assistance for defendant's counsel to fail to raise an

10

argument that would not have changed the outcome at trial was not an unreasonable application of *Strickland* requiring habeas relief under § 2254).

III. Conclusion

All but two of petitioner's claims for habeas relief were procedurally defaulted because they were not fully and fairly presented for one complete round of review by the Illinois judiciary. The two claims that were not procedurally defaulted were decided on the merits in the state courts, whose decision did not reflect an unreasonable application of clearly established federal law. As a result, Mr. Barnes' petition for a writ of habeas corpus is DENIED.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 30, 2003